Harold HAMMOCK, Petitioner,

v.

Fate THOMAS, (Sheriff), Respondent.

Civ. A. No. 3:86–0687.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 7, 1986.

Harold Hammock, pro se.

Jerry Smith, Asst. Atty. Gen., Nashville, Tenn., for respondent.

MEMORANDUM OPINION, ORDERS
AND CERTIFICATE

NEESE, Senior District Judge by Designation and Assignment.

The petitioner Mr. Harold Hammock applied *pro se* for the federal writ of habeas

corpus, claiming he is in the custody of the respondent-sheriff in violation of the federal Constitution, 28 U.S.C. §§ 2241(c)(3), 2254(a), pursuant to the judgments of December 6, 1985 and January 24, 1986 of the Criminal Court of Tennessee for its 20th judicial circuit (encompassing Davidson County). The applicant summarizes the gist of his claims as: "sentenced to state time but having to serve my time at the county jail."

Evidently, the applicant is undertaking to aver that he is held in custody in violation of the Constitution, Fourteenth Amendment, § 1:[1] He alleges (by exhibits) he was committed to "the Jail and Penitentiary House of this State and [to be] delivered to the keeper thereof, to be confined at hard labor for the period of *5* years" pursuant to such judgment of December 6, 1985, *supra;* that he was committed in like manner pursuant to the judgment of January 24, 1986 "for the period of *3* years"; that it was ordered that the two sentences run concurrently; but that he has been and is being confined in the jail of Davidson County, pursuant to those judgments.

The applicant stated he had not presented this same question to the courts of Tennessee "because the circumstances[2] would render the exhaustion process ineffective." It appears thus that the applicant failed to exhaust remedies available to him in the courts of Tennessee,[3] and "[a]n application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner," 28 U.S.C. § 2254(b).

However, even if the petitioner had made it to appear that there are circumstances

extant rendering the corrective process of Tennessee ineffective to protect his rights as its prisoner, he does not appear to have been deprived of his "liberty" without federal due process of law. "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State." *Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 1745[1], 75 L.Ed.2d 813 (1983).

" 'The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.' " *Ibid.,* 461 U.S. at 244–245, 103 S.Ct. at 1745, quoting from *Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 2538[4], 49 L.Ed.2d 451 (1976) (emphasis in original).

"State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 756[9], 9 L.Ed.2d 770 (1963). As the applicant failed to state a claim that he is in the custody of the respondent-sheriff "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), *supra,* relief cannot be granted him thereunder.

It appearing plainly on preliminary examination from the face of the applicant's petition and the documents exhibited therewith that he is not entitled now to relief in this Court, it hereby is

ORDERED that such petition is DISMISSED summarily, Rule 4, Rules—§ 2254 Cases. The clerk of this Court will so notify the petitioner and serve forthwith by

---

1. " * * * No State shall * * * deprive any person of * * * liberty * * * without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Constitution, Fourteenth Amendment, § 1, *supra.*

2. The petitioner does not favor this Court with a specific delineation of those "circumstances."

3. Available now to the petitioner are the remedies provided by T.C.A. §§ 29–21–101, 40–30–108, *et seq.,* among others.

918

certified-mail copies of the petition herein and of this order on the respondent-sheriff and the attorney-general and reporter of Tennessee, *id.*

Should the petitioner give timely notice of an appeal from the order to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed on such appeal in forma pauperis, Rule 42(a), F.R.App.P. Such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which will NOT issue because of the failure of the petitioner to have exhausted available state remedies, *id.*